CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Budget Finance of Baton Rouge, Inc., plaintiff-appellee, and against Isaac Walker, defendant-appellant, denying appellant a preliminary injunction enjoining the appellee from seizing any of appellant’s property or executing a judgment rendered on April 15, 1976, against appellant and in favor of appellee.
On February 5,1976, appellee filed a petition asserting that the appellant and Sandra Gale Walker were indebted to the ap-pellee, jointly and in solido, in the amount of $1,349.82, plus interest and attorney’s fees. Personal service was purportedly made on the appellant on February 18,1976 by Deputy Albert Blache. On March 9, 1976, the appellee took a preliminary default against the appellant. This default was confirmed on April 15, 1976, and judgment rendered against the appellant for $1,349.82, plus interest and attorney’s fees. The appellee on June 2,1976, filed a Motion to Examine a Judgment Debtor. The District Court ordered the appellant to appear on June 24,1976 for examination under this rule.
A Petition for Nullity of Judgment, Application for Stay and Order was filed on June 18, 1976, by the appellant alleging that the appellant had not been served in the original suit and asking the District Court to stay the examination of the appellant as a judgment debtor. The District Court on June 23, 1976, refused to stay the examination of the appellant.
On June 29, 1976, the appellant filed an Amended and Supplemental Petition Requesting Injunctive Relief and obtained a temporary restraining order preventing the appellee from executing on its judgment of April 15, 1976.
A hearing was held on July 12, 1976, to determine if a preliminary injunction to the same effect as the temporary restraining order should issue. The District Court on August 5, 1976, for written reasons assigned on July 16, 1976, denied appellant’s request for the preliminary injunction. Thereafter, because no effective suspensive appeal had been taken, the appellee had property belonging to the appellant seized.
The appellee and appellant on August 31, 1976, filed a Motion and Order to Satisfy Judgment and Dissolve Seizure. The appellant, while reserving his rights in his action for nullity, agreed to satisfy the April 15, 1976 judgment in return for release of the seized property.
The judgment of the District Court appealed from is a judgment denying a preliminary injunction, it is not a judgment on the merits nor can it serve as one.
The satisfaction of the judgment by the appellant and the release of the seized property by the appellee makes the question before this Court moot. Therefore, this devolutive appeal is dismissed and the case is remanded to the District Court for further proceedings. Cost of this appeal to be paid by the appellant.
APPEAL DISMISSED AND CASE REMANDED.